UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO TERRELL CHRISTIAN | CIVIL ACTION NO. 23-1241 |
| VERSUS | DISTRICT JUDGE _____ |
| LOWE'S COMPANIES, INC. d/b/a LOWE'S HOME IMPROVEMENT AND AB INSURANCE COMPANY | MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL

To: Antonio Terrell Christian
Through his attorney of record
Raymond C. Burkart, Jr.
321 N. Florida # 104
Covington, LA 70433

PLEASE TAKE NOTICE that defendant Lowe's Home Centers, LLC ("Lowe's") (erroneously identified in plaintiff's petition as Lowe's Companies, Inc. d/b/a Lowe's Home Improvement), pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, hereby files this Notice of Removal of that certain cause of action now pending in the Twenty-Second Judicial District Court in and for the Parish of St. Tammany, *Antonio Terrell Christian v. Lowe's Companies, Inc. d/b/a Lowe's Home Improvement and AB Insurance Company*, bearing Docket No. 2023-11026, to the United States District Court for the Eastern District of Louisiana. Copies of this Notice of Removal are served upon you as counsel of record for plaintiff, Antonio Terrell Christian, and a copy of this Notice of Removal is being filed with the Clerk of the aforesaid state court, in conformity with 28 U.S.C. § 1446(d).

Lowe's respectfully represents that the grounds for removal are as follows:

1.

On or about February 27, 2023, plaintiff filed a petition which is now pending in the Twenty-Second Judicial District Court in and for the Parish of St. Tammany, bearing Docket No. 2023-11026, which is within the Eastern District of Louisiana.

2.

On or about March 24, 2023, Lowe's was served with a copy of the petition. Thirty (30) days have not expired since the receipt by Lowe's, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

3.

The aforesaid petition asserts claims arising under federal law, including claims arising under Title VII of the Civil Rights Act of 1964. The nature of this action is more fully set forth in plaintiff's petition, a copy of which is filed herewith in Exhibit A.

4.

The above-described action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, stating that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Therefore, pursuant to 28 U.S.C. § 1331, this case may be removed to the United States District Court for the Eastern District of Louisiana. The removal of this action is not intended to waive any arguments, defenses, protections, or objections that Lowe's may have or be entitled to under federal or state law or rules of procedure.

5.

Plaintiff also asserted claims under Louisiana Revised Statute § 23:332, Article 3 of the Louisiana Constitution, and Louisiana Civil Code articles 2315, 2316, 2317, and 2320. Pursuant to

28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiff's state law claims because they are so related to plaintiff's federal claims that they form the same case or controversy.

6.

Grounds for removal also exist under 28 U.S.C § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332.

7.

Plaintiff alleges that he is domiciled in Louisiana. (Petition, Introductory Paragraph)

8.

Plaintiff erroneously named Lowe's Companies, Inc., a corporation incorporated under the laws of North Carolina and with its principal place of business in North Carolina. The correct defendant, Lowe's Home Centers, LLC, is a limited liability company organized under the laws of the state of North Carolina. Lowe's' sole member is Lowe's Companies, Inc., which has a principal place of business in North Carolina and is incorporated in North Carolina. Therefore, complete jurisdiction exists with respect to both the incorrectly-named defendant(s) and the correct defendant, plaintiff's employer.

9.

Plaintiff also named AB Insurance Company. "[T]he citizenship of defendants sued under fictious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

10.

The amount in controversy well exceeds $75,000 exclusive of interests and costs. *See* 28. U.S.C. § 1332. Plaintiff's petition itemizes the following damages: past, present, and future loss of income; past, present, and future loss of reputation in the community; past, present, and future mental

3

PD.41661331.1

anguish; past, present, and future attorney's fees; and past, present, and future damages to which he is entitled under the Louisiana Employment Discrimination Law and Title VII of the Civil Rights Act of 1964. (Petition ¶ 55) Although plaintiff's petition fails to specify a monetary amount of damages, these numerous forms of damages logically exceed $75,000. In fact, Lowe's can reach the $75,000 threshold by looking to only one of the damage categories plaintiff seeks. For example, plaintiff alleges he was terminated on May 5, 2022. (Petition ¶ 45) Upon information and belief, at the time of plaintiff's termination, he was earning approximately $59.42 per hour. Therefore, plaintiff's alleged damages for backpay may amount to approximately $95,000 for the period between his termination and the date he filed suit. This form of damages alone may exceed $75,000. Accordingly, Lowe's has sufficiently established the jurisdictional amount.

11.

Filed herewith as Exhibit A are copies of all process, pleadings, and orders.

12.

Promptly after this notice of removal is filed, written notice thereof will be given to all adverse parties and a copy of this Notice of Removal will be filed with the clerk of the aforesaid state court to accomplish the removal of this civil action to this Honorable Court as provided by law.

WHEREFORE, defendant, Lowe's Home Centers, LLC, prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid petition be removed from state court to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from state court and thereupon proceed with this civil action as if it had originally been commenced in this Court.

PD.41661331.1

PHELPS DUNBAR LLP

BY: *Molly McDiarmid*
Susan W. Furr Bar Roll No. 19582
Molly McDiarmid Bar Roll No. 36426
II City Plaza | 400 Convention Street
Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: susie.furr@phelps.com
Email: molly.mcdiarmid@phelps.com

ATTORNEYS FOR LOWE'S HOME CENTERS, LLC

PD.41661331.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO TERRELL CHRISTIAN | CIVIL ACTION NO. 23-1241 |
| VERSUS | DISTRICT JUDGE _____ |
| LOWE'S COMPANIES, INC. d/b/a LOWE'S HOME IMPROVEMENT AND AB INSURANCE COMPANY | MAGISTRATE JUDGE _____ |

### PROOF OF SERVICE

Molly McDiarmid, being duly sworn, does depose and say that she is an attorney in the firm of Phelps Dunbar LLP, counsel for Lowe's Home Centers, LLC, defendant herein.

That on April 12, 2023, contemporaneous with the filing of this Notice of Removal in the above Court, she delivered copies of the notice to Raymond C. Burkart, Jr., attorney for plaintiff herein, by placing same in an envelope with sufficient postage thereon, properly addressed to the attention of Raymond C. Burkart, Jr., 321 N. Florida # 104, Covington, LA 70433, and depositing said envelope, so stamped and addressed, in the United States mail.

Affiant further deposes and says that on the same day she filed a copy of the Notice of Removal to the Clerk of Court of the District Court of the Twenty-Second Judicial District in and for the Parish of St. Tammany, *Antonio Terrell Christian v. Lowe's Companies, Inc. d/b/a Lowe's Home Improvement and AB Insurance Company*, bearing Docket No. 2023-11026.

_____
Molly McDiarmid (Bar Roll #36426)

Sworn to and subscribed before me this 12th day of April, 2023

_____
NOTARY PUBLIC
Printed Name: Taylor Crousillac
La. Bar Roll No./Notary I.D. No.: 37087

PD.41661331.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ANTONIO TERRELL CHRISTIAN | CIVIL ACTION NO. 23-1241 |
| VERSUS | DISTRICT JUDGE _____ |
| LOWE'S COMPANIES, INC. d/b/a LOWE'S HOME IMPROVEMENT AND AB INSURANCE COMPANY | MAGISTRATE JUDGE _____ |

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

Molly McDiarmid, being duly sworn, did depose and say that she is an attorney with the law firm of Phelps Dunbar, LLP who represents Lowe's Home Centers, LLC named in the foregoing Notice of Removal; that plaintiff's petition asserts a claim arising under federal law, and that plaintiff's petition in this action involves diverse parties and contains an amount in controversy exceeding $75,000, and that she has read the foregoing Notice of Removal; and that all the facts and allegations therein set forth are true and correct to the best of her knowledge, information and belief.

_____
Molly McDiarmid

Sworn to and subscribed before me this 12th day of April, 2023

_____
NOTARY PUBLIC
Printed Name: Taylor Crousillac
La. Bar No./Notary ID No.: 37087

7